Page 1 of 2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DEBRA ANAZONWU, at al.,**

    **Plaintiffs,**

**v.**   Case No. 3:05cv147/MCR/EMT

**NISSAN NORTH AMERICA, et al.,**

    **Defendants.**

_____/

## O R D E R

By order entered March 30, 2006, this action was dismissed without prejudice for Plaintiffs' failure to comply with this court's February 22, 2006, order directing Plaintiffs' counsel to locate Plaintiffs and provide responses to Defendant's discovery requests and designate experts within thirty (30) days. (See docs. 45, 58). Plaintiffs' counsel has now filed a motion to reconsider (doc. 60) advising that he had complied with the February 22, 2006, order within the allotted thirty day period. Defendants have responded to Plaintiffs' motion (doc. 61) and Plaintiffs have filed a reply (doc. 62).

Although Plaintiffs' counsel filed no notice of compliance with the court's order of February 22, 2006[1], the attachments to the pending motion suggest that some timely effort to comply had been made; therefore, it appears appropriate at this time to grant Plaintiffs' motion to reconsider and vacate the order of dismissal. The court does, however, question the extent of compliance by Plaintiffs' counsel and

---

[1] The court will acknowledge that the February 22, 2006, order did not specifically require the filing of a notice of compliance; however, given the severe consequence of dismissal for failure to comply such notice would seem prudent.

shall refer this matter to the magistrate judge to conduct an evidentiary hearing and/or such other proceedings as are required to determine whether Plaintiffs' counsel has in fact located and made contact with Plaintiffs as ordered, determine the sufficiency of the discovery responses and expert designations, develop a proposed discovery plan for this case,[2] and to enter a report and recommendation on the findings. Therefore, it is

      **ORDERED:**

      **1.**    Plaintiffs' Motion to Reconsider Order of Dismissal Without Prejudice (doc. 60) is GRANTED and the Order of dismissal (doc. 58) is hereby VACATED. This action shall be REINSTATED to the active docket.

      **2.**    This matter shall be referred to the magistrate judge to conduct an evidentiary hearing and/or such other proceedings as are required to determine whether Plaintiffs' counsel has in fact located and made contact with Plaintiffs as ordered, determine the sufficiency of the discovery responses and expert designations, develop a proposed discovery plan for this case, and to enter a report and recommendation on the findings.

      **DONE AND ORDERED** this 31st day of March, 2006.

                                                        s/ *M. Casey Rodgers*
                                                        **M. CASEY RODGERS**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[2] Upon request by Plaintiffs' counsel, the discovery and expert disclosure deadlines in this case were extended forty-five (45) days. Subsequently, again upon Plaintiffs' request, a stay of thirty (30) days was granted with regard to discovery responses and expert disclosure. In light of Defendants' response to the instant motion, the adequacy of discovery responses and status of future discovery should be addressed.