IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEBRA ANAZONWU, et al.,
     Plaintiffs,

v.                                      Case No.: 3:05cv147/MCR/EMT

NISSAN NORTH AMERICA, INC.,
et al.,
     Defendants.

_____/

### REPORT AND RECOMMENDATION

This cause is before the court upon the parties' "Joint Statement Regarding Additional Discovery" (Doc. 69), "Plaintiffs' Counsel's Response to Order of April 3, 2006" (Doc. 70), and "Joint Notification Per Court's April 28, 2006 Order" (Doc. 77).

I.     Background

By order of the District Judge entered on March 30, 2006, this action was dismissed without prejudice for Plaintiffs' failure to comply with the District Judge's February 22, 2006 order, which directed Plaintiffs' counsel to locate Plaintiffs, provide responses to Defendants' discovery requests, and designate experts within thirty days (*see* Docs. 45, 58).  Plaintiffs' counsel filed a motion for reconsideration of the order dismissing this action, advising that he had complied with the February 22, 2006 order (Doc. 60).  Defendants responded to Plaintiffs' motion for reconsideration, arguing that although Plaintiffs "technically" responded to Defendants' discovery requests, their responses and expert disclosures were so inadequate they were tantamount to no response at all (Doc. 61).

On March 31, 2006, the District Judge entered an order vacating the order dismissing the case (Doc. 64).  Additionally, the matter was referred to the undersigned Magistrate Judge to "conduct an evidentiary hearing and/or other such proceedings as are required to determine whether

Plaintiffs' counsel has in fact located and made contact with Plaintiffs as ordered, determine the sufficiency of the discovery responses and expert designations, develop a proposed discovery plan for this case, and to enter a report and recommendation on the findings" (*id.*).  On April 3, 2006, the undersigned entered an order requiring that: 1) Defendants file a statement with the court specifically identifying Plaintiffs' inadequate discovery responses and explaining why each particular response was inadequate; 2) the parties confer and prepare a joint statement identifying the remaining outstanding discovery and the estimated time for completing all discovery; and 3) Plaintiffs' counsel file a statement explaining how he complied with the District Judge's order of February 22, 2006 (Doc. 67).  Upon review of the pleadings filed in response to the April 3rd order (Docs. 71, 74), the undersigned entered an order on April 28, 2006, requiring in pertinent part, that: 1) Plaintiffs provide amended discovery responses to Defendants; 2) after receipt of Plaintiffs' amended responses, Defendants determine whether Plaintiffs sufficiently responded to their discovery requests; 3) if any of Plaintiffs' amended responses were deemed insufficient by Defendants, the parties confer and attempt to resolve the disputed discovery issues; and finally, 4) the parties file a joint statement advising whether the discovery issues were resolved, and if not, specifically identifying those issues that remained in dispute (Doc. 75).

> II.    Sufficiency of Plaintiffs' Discovery Responses and Expert Designations

In response to the undersigned's April 28, 2006 order, the parties filed a joint notification stating that Defendants received Plaintiffs' amended discovery responses and that counsel for the parties had conferred regarding the discovery issues (Doc. 77 at 2).  The only outstanding issue defense counsel raised regarding Plaintiffs' discovery responses is that Plaintiffs' interrogatory responses are not verified (*id.*).[1]  However, Plaintiffs' counsel has represented that verification "is in the process of being obtained" (*id.*).  Accordingly, it appears that all issues regarding the sufficiency of Plaintiffs' discovery responses and expert disclosures have been resolved.

> III.    Outstanding Discovery

---

[1]In their joint notification, the parties also state that Defendant Nissan is finalizing its responses to Plaintiffs' discovery requests and "[u]pon execution and entry by the Court of a protective order, Nissan will produce responsive documents.  Counsel for Plaintiffs agreed to this procedure." (Doc. 77 at 2).  However, it is unclear why Nissan needs a protective order to produce documents; moreover, no motion for protective order has been filed to date.  Therefore, no action is needed by the court at this time regarding Defendants' discovery responses.

Case No.: 3:05cv147/MCR/EMT

In order to develop a proposed discovery plan as directed in the District Judge's order (Doc. 64), the undersigned entered an order on April 3, 2006, as noted above, requiring that the parties confer and prepare a statement regarding the estimated time for completion of any outstanding discovery (Doc. 67).  As of April 3, 2006, the effective discovery deadlines (i.e., those deadlines previously set by the District Judge) required that Defendants disclose their experts by April 21, 2006, and all discovery was to be completed by April 28, 2006 (*see* Docs. 28, 37, 45).

In a joint statement filed by the parties on April 12, 2006, Defendants stated that they expected to comply with the expert disclosure deadline (Doc. 69 at 2).  Defendants also stated that they were responding to interrogatories and requests for production propounded by Plaintiffs and "anticipate[d] being able to issue responses by the current discovery deadline or in close proximity thereto."  However, regarding depositions, the parties stated that depositions of treating physicians, experts, and one of the Plaintiffs had not yet occurred (*id.* at 2-3).  The parties estimated that all discovery could be completed on or before July 15, 2006 (*id.* at 3), which is approximately two months prior to the trial date of September 18, 2006 (Doc. 28).  The parties also requested that the deadline for dispositive motions be extended to July 30, 2006 (Doc. 69 at 3).

Considering the outstanding depositions to be conducted and the fact that the parties' proposed discovery deadline is two months prior to the trial date, the undersigned finds that July 15, 2006 is an appropriate discovery deadline.  Therefore, the undersigned recommends that the District Judge enter an order setting a discovery deadline of July 15, 2006, and a dispositive motion deadline of July 30, 2006.

IV.      Plaintiffs' Counsels' Compliance with District Judge's February 22, 2006 Order

On February 15, 2006, Plaintiffs' counsel filed a motion to stay the proceedings or continue the trial, stating he had been unable to locate Plaintiffs since Hurricane Katrina and, therefore, could not answer outstanding discovery (Doc. 40).  On February 22, 2006, the District Judge entered an order granting Plaintiffs' motion to the extent that Plaintiffs' counsel was given thirty days to locate Plaintiffs and provide responses to Defendants' discovery requests and designate experts (Doc. 45).

Pursuant to the District Judge's February 22, 2006 directive that the undersigned "determine whether Plaintiffs' counsel has in fact located and made contact with Plaintiffs as ordered" (Doc. 45), Plaintiffs' counsel was required to file a statement explaining how he complied with the District

Judge's order (Doc. 67).  On April 12, 2006, Plaintiffs' counsel filed a statement representing to the court that Mr. Anazonwu was contacted by an associate with counsel's law firm on March 15, 2006, and that further contact via e-mail, Federal Express, and telephone followed (Doc. 70).  This court has no information contrary to the representations made by Plaintiffs' counsel, nor any sound reason to question the veracity of his statements.

Accordingly, it is respectfully **RECOMMENDED**:

That the discovery deadline be extended until July 15, 2006, the dispositive motion deadline be extended until July 30, 2006, and the trial remain set for the two-week trial period commencing on Monday, September 18, 2006.

At Pensacola this  25th  day of May 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**