## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

DEBRA ANAZONWU, et al.,

     Plaintiffs,

v.                         Case No.: 3:05cv147/MCR/EMT

NISSAN NORTH AMERICA, INC.,
et al.,

     Defendants.

_____/

## O R D E R

The court has before it for consideration Defendants', Nissan North America, Inc.and Nissan Motor Company, Ltd. (collectively "Nissan")Motion To Dismiss Plaintiffs' Lawsuit Based On The First-To-File Rule.[1]  Defendants point out that plaintiffs have previously filed a virtually identical action in Louisiana, which is now pending in the United States District Court for the Middle District of Louisiana, and maintain that pursuant to the first-filed rule the issues in this case should be decided by the federal court in Louisiana.

The "first-filed" rule provides that the court first having jurisdiction over case should be the court to hear the case.  This rule is concerned with principles of comity and judicial economy.  See Philibert v. Ethicon, Inc., 2005 WL 525330 (S.D. Fla. 2005) (explaining that "...when two parallel suits are proceeding in different courts, the court initially having jurisdiction should hear the case in order to conserve judicial resources and avoid conflicting rulings.").  The Eleventh Circuit has embraced the first-filed rule.  See Manuel

---

[1]  Defendants have also moved in the alternative for summary judgment on grounds that plaintiff's lawsuit is time-barred under Louisiana law.  Based on the court's order on the motion to dismiss, defendants' motion for summary judgment is denied as moot.

v. Convergys Corporation, 430 F.3d 1132, 1135 (11th Cir. 2005) (recognizing that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule, and stating that "[w]e are no exception.") Despite the strong presumption in favor of the rule, the first-filed rule is not intended to be inflexible and may give way in compelling circumstances. Valpak Direct Marketing Systems, Inc. v. Valpak of Cincinnati, Inc., 2005 WL 2416061 (M.D. Fla. 2005). It is the burden of the party objecting to jurisdiction in the first-filed court to prove compelling circumstances sufficient to justify a departure from the well-established rule. Manuel, 430 F.3d at 1135. Nonetheless, even where compelling circumstances can be shown, most courts adhere to the first-filed rule, unless matters of judicial economy and convenience of the litigants dictate otherwise. Philibert, 2005 WL 525330.

The first-filed rule should be followed in this case. Plaintiffs have filed parallel lawsuits in Louisiana and Florida courts. Both lawsuits involve identical allegations, claims, and parties.[2] The Louisiana case was the first filed and remains pending. Accordingly, it would appear that under the first-filed rule the Louisiana federal court should hear the case, absent a showing by the plaintiffs that the balance of convenience weighs in favor of Florida or compelling circumstances exist. Plaintiffs have argued that compelling circumstances are present in this case because plaintiffs cannot obtain punitive damages in Louisiana whereas they might be able to in Florida. Plaintiffs also recognize that their claim may be time-barred in Louisiana but would not be under Florida law. Although this court questions whether either circumstance is compelling enough to overcome the strong presumption favoring application of the first-filed rule in a case such as this one, the court finds that the Louisiana federal court should be the one to decide whether the first-filed rule applies. See Valpak, 2005 WL 2416061; Kate Aspen, Inc. v. Fasioncraft-Excello, Inc., 370 F.Supp. 1333, 1338-39; Supreme International Corp. v. Anheuser-Busch, Inc., 972 F.Supp.

---

[2]  Both lawsuits raise identical products liability claims case stemming from an automobile accident in Santa Rosa County Florida in June 2001.

604, 607 (S.D. Fla. 1997).  As a result, this action will be stayed pending a decision by that court on the issue.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1.     Defendant Nissan's Motion to Dismiss (doc. 23) is Denied to the extent is seeks an outright dismissal of the case or transfer; however, the court finds that the interests of justice and comity mandate a stay of this action.

2.     This case is STAYED pending a decision by the United States District Court for the Middle District of Louisiana on whether the first-filed rule applies in this case. Should that court determine that the first-filed rule does not apply the Louisiana case should be transferred to this court for consolidation with the present case.

3.     The parties are directed to inform this court immediately upon a decision by the Middle District of Louisiana.  If no decision is made within ninety days from today's date the parties are directed to file a status report on that date and every ninety days thereafter that informs the court of the status of the Louisiana case.  The status report may be filed by either or both parties.

4.     Defendant's motion in the alternative for summary judgment is DENIED as moot but without prejudice to the defendants' right to raise the issue again should the stay be lifted and the cases consolidated.

5.     The clerk is directed to ADMINISTRATIVELY CLOSE this case and terminate all pending motions.

**DONE and ORDERED** this 13th day of July, 2006.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**